UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| STEPHEN F. COSTELLO, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL NO.: 2:18-cv-00474-JTM-APR |
| KENNETH R. OXENDINE, HIGH POINT FURNITURE CARRIER COMPANY, CARR FREIGHT, INC., and UNKNOWN EMPLOYER OF KENNETH R. OXENDINE, | ) |
| Defendants. | ) |

**BRIEF OF DEFENDANT, HIGH POINT FURNITURE CARRIER COMPANY, IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS AS TO COUNTS IV AND V OF PLAINTIFF'S COMPLAINT**

## I. INTRODUCTION

This case arises out of an automobile vs. truck accident which occurred on September 6, 2018 in Porter County, Indiana (DE 4; Complaint, ¶ 27). The case was commenced in the Porter Superior Court, and removed to this Court by the Defendants. [DE 1].

The Defendant, High Point Furniture Carrier Company ("High Point"), has moved the Court for judgment on the pleadings as to the claims presented in Plaintiff's Complaint, Count IV (Negligent Hiring, Training, Supervision and Retention vs. High Point), and Count V (Negligent Entrustment vs. High Point), for the reason that those claims lack an essential element, *i.e.*, that the driver, Kenneth R. Oxendine ("Oxendine"), was acting other than in the course of and within the scope of his employment at the relevant time.[1]

---
[1] In their Answer [DE 6], High Point and Oxendine both admitted in several places that Oxendine was employed by High Point at the relevant time, and not by Carr, which had merely leased the trailer to High Point. The Defendants further admitted that Oxendine was acting in the course of and within the scope of that employment with High Point at all material times, and that, therefore, any liability of Oxendine is imputed to High Point under the doctrine of *respondeat superior*. *See, e.g.*, Answer, ¶¶ 3, 8, 11, 12, 20, 38-41.

## II. FACTS[2]

Late on September 6, 2018, the Plaintiff, Stephen E. Costello ("Costello) was injured in a collision with a tractor trailer rig in Porter County, Indiana. (Complaint, ¶ 27). The tractor trailer was being driven by Oxendine, an employee of High Point. (Answer, ¶ 8). The tractor was owned by High Point. The tractor was pulling a trailer owned by Carr and leased to High Point. (Answer, ¶ 11). Defendants have admitted in their Answer that Oxendine was not only High Point's employee, but that he was also acting in the course of and within the scope of his employment, such that vicarious liability would attach to High Point if Oxendine were found liable to Costello. (Answer, ¶ 41).

High Point has now filed a Motion for Judgment on the Pleadings on Counts IV and V of Plaintiff's Complaint, those counts alleging either negligent entrustment or negligent hiring, training, supervision and retention, since Plaintiff's Complaint never alleges that Oxendine was acting outside the scope of his employment with High Point, and, in fact, alleges the contrary. High Point and Carr contend that such an allegation is necessary to state a cognizable claim for either negligent entrustment or negligent hiring, training, supervision and retention. Lacking such an allegation – and in the face of admissions on the subject to the contrary in the Answer – the Court should grant a judgment on the pleadings in favor of Defendant High Point on Counts IV and V of Plaintiff's Complaint.

## III. QUESTIONS PRESENTED

1. Does Plaintiff's Complaint state a claim against High Point on which relief may be granted based on alleged negligent hiring, training, supervision or retention?

---

[2] In accordance with the appropriate standard, these Facts are taken from the well-pleaded allegations of the Complaint and any relevant admissions made in the Answer filed by these Defendants. *See Davis v. Macey*, 901 F. Supp. 2d 1107, 1109 (N.D. Ind. 2012).

2. Does Plaintiff's Complaint state a claim against High Point upon which relief may be granted based on alleged negligent entrustment?

## IV. DISCUSSION

This matter is before the Court on a Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c). When faced with such a motion, the Court utilizes a familiar standard:

> A motion for judgment on the pleadings is subject to the same standard as a motion to dismiss under Rule 12(b)(6). Therefore, we must determine whether the complaint states "a claim to relief that is plausible on its face." "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

*Gill v. City of Milwaukee*, 850 F.3d 335, 339 (7th Cir. 2017) (internal citations omitted).

Judgment on the pleadings does differ slightly, however, from a motion to dismiss under Fed. R. Civ. P. 12(b)(6), in that the former allows the Court to take into account matters contained in the Defendants' Answer to the Complaint, *Davis v. Macey*, 901 F. Supp. 2d 1107, 1109 (N.D. Ind. 2012), while the latter is focused only on the allegations of the complaint. *See, e.g., Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 444 (7th Cir. 2009).

Inasmuch as this Court's jurisdiction arises out of the diverse citizenship of the parties pursuant to 28 U.S.C. § 1332(a)(1), state substantive law provides the rule of decision. *Reynolds v. Henderson & Lyman*, 903 F.3d 693, 695 (7th Cir. 2018). Indiana has traditionally followed *lex loci delicti* in its choice of law as to tort actions. This is said to apply the substantive law of the state where the tort was "committed." *Hubbard Mfg. Co., Inc. v. Greeson*, 515 N.E.2d 1071, 1073 (Ind. 1987). *See also, Allen v. Great Am. Res. Ins. Co.*, 766 N.E.2d 1157, 1164 (Ind. 2002). Since the accident occurred in Porter County, Indiana (Answer, ¶ 1), the Court should apply Indiana substantive law in determining whether there is a cognizable claim against High Point for negligent hiring, training, supervision, retention, or entrustment.

**A. The claims for negligent hiring, training, supervision and retention fail to state a cognizable claim, because it is alleged (and admitted) that the driver, Oxendine, was acting within the scope and course of his employment.**

The pertinent portions of High Point's Answer to the Complaint provide as follows:

> 3. That at all times relevant herein, Kenneth R. Oxendine was an individual who upon information and belief, is a legal resident of the State of North Carolina who was also an agent and/or employee of Defendants, High Point Furniture Carrier Company, Carr Freight, Inc. and/or Unknown Employer of Kenneth R. Oxendine.
> ANSWER: Defendants admit that Oxendine was, and is, a citizen of North Carolina. Defendants further admit that at the time described in the Complaint, Oxendine was an employee of High Point, and acting in the course of and within the scope of his employment. Defendants deny the remaining allegations contained in ¶ 3 of the Plaintiff's Complaint.

Answer, p. 2, ¶ 3.

> 41. That High Point Furniture Carrier Company is vicariously liable for the negligence, recklessness and/or carelessness of its employee and/or agent, Kenneth R. Oxendine.
>
> ANSWER: Defendants admit that if Oxendine is found to have been at fault, that fault is imputed to High Point under principles of *respondeat superior*.

Answer, p. 11, ¶ 41.

In *Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1175-76 (Ind. 2017), a Pizza Hut delivery driver was involved in an accident in which another motorist was killed. In the wrongful death action that followed, plaintiff sued the driver for negligence, and the restaurant both under *respondeat superior* and for negligent hiring/training/supervision, as Plaintiff has done in the case at bar. In granting the restaurant's motion to dismiss the negligent hiring/training/supervision claims, the Indiana Supreme Court observed:

> [A]n employer's admission that an employee was acting within the course and scope of his employment precludes negligent hiring

4

> claims. This outcome recognizes that a *respondeat superior* claim
> necessarily involves an act *within* the scope of employment, whereas
> negligent hiring claims require an act *outside* the scope of employment.
> Under each claim, the plaintiff seeks the same result—employer
> liability—and recovery is based on the same negligent act—the
> employee's. To allow both claims would serve only to prejudice the
> employer, confuse the jury, and waste judicial resources when
> ultimately the result—that the employer is liable—is the same and the
> employer has stipulated as much. Such an admission exposes an
> employer to liability for any and all fault assessed to the employee's
> negligence, and thus a negligent hiring claim becomes duplicative since
> a plaintiff may not recover twice for the same damage.

84 N.E.3d at 1178 (internal citations omitted).

Federal courts sitting in diversity have uniformly followed this line of authority. For example, in *Johnson v. S. Bend Cmty. Sch. Corp.*, 2018 U.S. Dist. Lexis 86175 (N.D. Ind. 2018), a high school basketball coach brought a three-count complaint against his former employer. The first count alleged racial discrimination in employment, while the second count alleged retaliation on the part of the employer for the complaints of discrimination made by the coach. The third count was a state law claim alleging negligent failure to supervise and failure to train employees against committing racial discrimination. 2018 U.S. Dist. LEXIS 86175, at p. *1 (N.D. Ind. 2018). In dismissing the state law claim, the district court held "[a] cause of action based on negligent hiring, training and supervision is appropriate only where it is alleged that the employee acted outside the scope of his or her employment; otherwise the doctrine of *respondeat superior* provides the proper vehicle for a direct action aimed at recovering the damages resulting from a specific act of negligence committed by an employee within the scope of his employment." *Johnson*, at p. *18. The absence of any allegation in the complaint that the employees in question were acting outside the scope of their employment was fatal to the claim of negligent supervision and training.

Similarly, in *Perron v. JP Morgan Chase Bank, N.A.*, 2014 U.S. Dist. LEXIS 30431, *7 (S.D. Ind. 2014), homeowners filed federal claims arising out of a mortgage dispute, but also included a state law negligence claim against the mortgage bank based on alleged failure to train and supervise

5

its employees in the analysis and calculation of monthly escrow accounts. The district judge dismissed that claim for failure to state a claim upon which relief could be granted. In dismissing the claim, the court held that "negligent supervision, retention and training may impose liability on an employer [only] when an employee acts beyond the scope of his or her employment to commit a tortious injury upon a third party." 2014 U.S. Dist. LEXIS 30431, at p. *15.

In the present case, Costello has alleged that Oxendine was, at the time of the accident, an employee of High Point, acting within the scope of his employment. High Point and Oxendine admitted as much in their Answer. Consequently, High Point cannot be liable under a theory of negligent, hiring, training, supervision, and retention, and Count IV of Plaintiff's Complaint should be dismissed.

**B. The claim for negligent entrustment on the part of High Point also fails because it is premised on the liability of the entrusted individual, and also requires that Oxendine be acting outside the scope and course of his employment.**

Count V is a claim based on the alleged negligent entrustment of a vehicle to Oxendine by High Point. This claim fails to state a claim upon which relief may be granted under the same reasoning used to conclude that a claim for negligent hiring, supervision, training and retention also fails to state a cognizable claim. Thus, it should suffer the same fate.

Under Indiana law, a negligent entrustment claim arises against a person who entrusts an injuring instrumentality to one who is incompetent, irresponsible, or lacks the capacity to safely operate the instrumentality. *Johnson v. Patterson*, 570 N.E.2d 93, 96 (Ind. Ct. App. 1991) (alleged negligent entrustment of a shotgun). Such claims often involve motor vehicle cases in which a defendant has entrusted the use of his or her vehicle to an incompetent driver. *See, e.g., Roessler v. Milburn*, 692 N.E.2d 1377, 1379 (Ind. Ct. App. 1998); *Johnson v. Owens*, 639 N.E.2d 1016, 1022 (Ind. Ct. App. 1994); *Stocker v. Cataldi*, 489 N.E.2d 144, 145 (Ind. Ct. App. 1986).

6

The justification for holding that a claim for negligent hiring, supervision, training and retention is duplicative of a claim based on *respondeat superior* is that

> [t]o allow both claims would serve only to prejudice the employer, confuse the jury, and waste judicial resources when ultimately the result—that the employer is liable—is the same and the employer has stipulated as much. **Such an admission exposes an employer to liability for any and all fault assessed to the employee's negligence** … .

*Sedam v. 2JR Pizza Enters., LLC*, 84 N.E.3d 1174, 1178 (Ind. 2017) (emphasis supplied).

Just as with a negligent hiring, supervision, training and retention claim, an essential element of a negligent entrustment claim is that the employee involved was negligent, and that the negligence caused harm to the plaintiff. The liability of the entrusting entity hinges, in the first instance, on whether the entrusted person was liable to the plaintiff. In that sense, the liability is derivative and vicarious. Only if that is the case can the entruster be liable for harm caused by the actual tortfeasor's negligence. Thus, a claim alleging negligent hiring, supervision, training and retention, and a claim alleging negligent entrustment, should be treated alike for these purposes.

*Davis v. Macey*, 901 F. Supp 2d 1107 (N.D. Ind. 2012), is a case with facts that are strikingly similar to the case at bar. Davis was injured in an automobile accident involving Macey, who was driving a vehicle owned by the employer while on the business of the employer. One count of the complaint against the employer alleged that Macey was acting within the scope of his employment at the time of the accident. A separate count alleged that the employer negligently entrusted Macey with the vehicle involved in the accident. The complaint also included allegations of negligent hiring and training of the driver. The case was removed to district court on the basis of diversity of citizenship. Upon motion of the defendant, the district court dismissed the claims based on negligent hiring, supervision, training and retention for the reasons described above. The district court then went on to do the same with the negligent entrustment count, holding that the underlying

rationale that claims not be duplicative and potentially prejudicial applies "equally to the theory of liability under negligent entrustment," observing that Indiana courts do not draw a distinction between negligent hiring and negligent entrustment. 901 F. Supp. 2d at 1112. "Once an employer stipulates that an employee was acting within the scope of employment, the employer is already responsible for the negligent acts of the employee and any additional theory of liability under negligent entrustment would be unnecessary." *Id.*

A claim based on alleged negligent entrustment of a vehicle suffers from the same fatal flaws as a claim for negligent hiring, retention, training and supervision when the defendant employer admits that the employee was acting within the scope of employment at the time of the alleged tort. Thus, it is also subject to judgment on the pleadings in this case, since both High Point and Oxendine have admitted that *respondeat superior* applies.

## V. CONCLUSION

For all of these reasons, Count IV of Plaintiff's Complaint, alleging a claim against High Point based on negligent hiring, training, supervision and retention, and Count V, alleging a claim based on negligent entrustment, should be dismissed.

Respectfully submitted,

s/s <u>Robert F. Parker</u>
Robert F. Parker (6294-45)
Schuyler D. Geller (33699-45)
Burke Costanza & Carberry LLP
9191 Broadway
Merrillville, IN 46410
219.769.1313 / Fax 219.769.6806
parker@bcclegal.com
geller@bcclegal.com

## **CERTIFICATE OF SERVICE**

       I hereby certify that on April 29, 2019, a copy of the foregoing pleading or paper was filed electronically. Service of this filing will be made on all ECF-registered counsel by operation of the Court's electronic filing system, which sent copies to the following:

- Gregory J. Sarkisian, email: greg@sarklawfirm.com
- Katherine S. Sarkisian, email: katie@sarklawfirm.com


                                    s/s Robert F. Parker
                                    Robert F. Parker (6294-45)